HOWARD et al. v. OLIVER, Tax Collector. (No. 5386.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 28, 1914.)

SCHOOLS AND SCHOOL DISTRICTS (§ 107*)— SCHOOL TAXES — COLLECTION — ELECTION —WANT OF NOTICE.

Where no notices of a school tax election were posted, the burden was on the collector, in a suit to restrain collection of a tax, to show that such a majority of the voters in a district had actual notice of the election as to preclude the idea that the result would have been affected if all who did not have notice had been present and voted, under the rule that elections will not be set aside for want of notice unless failure to notify the voters resulted in stifling the voice of a majority of the voters.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 253–256; Dec. Dig. § 107.*]

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by J. W. Howard and others against E. R. Oliver, tax collector, to restrain the collection of a school tax. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

S. A. Early, of Corpus Christi, for appellants. Jas. M. Taylor, of Corpus Christi, for appellee.

FLY, C. J. Appellants brought this suit to restrain the collection of a school tax in school district No. 5, Nueces county, on the ground that no notices of election on the tax proposition, although ordered by the county judge, were issued nor posted by the sheriff, that the voters had no actual knowledge of the election, and that a majority would have voted against the tax proposition. After hearing the evidence the court denied the injunction sought by appellants.

The evidence showed that no notices of the election were posted by the sheriff or any

one else, and when that appeared the burden rested on appellee to show that such a majority of the voters of the district had actual notice of the election as to preclude the idea that the result of the election would have been affected if all who did not have notice had been present and had voted. Elections will not be set aside for want of notice, unless such failure to notify the voters resulted in stifling the voice of a majority of the voters. The parties have sent up an "agreed statement of facts" which is so meager as to form a poor guide to this court. Appellee introduced no testimony. Appellant alleged that seven voters had failed to receive notice of the election, naming them, and six of them testified. From their testimony it was ascertained that three of them had no notice of the election, two of them had not paid their poll tax and were not qualified voters, and one of them, Robert Poenish, had actual knowledge that the election was to be held, but because his brother, who had been appointed to hold the election, told him he did not intend to hold it, did not go to the polls. The brother did not hold the election, but it was held. The testimony fails to show how Robert Poenish would have voted, or whether his brother, who favored the levy of the tax, cast his vote. The seventh man, J. R. Simmons, who was alleged to have had no notice of the election, was lost sight of or ignored, and this court does not know whether he received notice or not. Either no effort was made to develop the evidence, or after it was developed it was not written into the agreement. If the 3 men, who testified that they were not notified, and that if they had been notified they would have voted against the tax, be added to the 9 who voted against the tax, the poll would stand 13 in favor of any 12 against the tax. Then if one Poenish be added to each side, the position of the vote remains relatively the same. If Simmons was not notified as was alleged, his vote, added to the 13 against the tax, would cause a tie. The evidence does not clear up the situation, but leaves it in doubt as to whether a clear majority was for the tax. In this connection it may be said that a majority of those who voted will control, unless it be shown that enough voters were not notified to have changed the result had they voted.

If the two Poenishes who were notified be ignored in making a calculation, and only the three witnesses who swore they were not notified and Simmons be considered, we have the result that 13 voted for the tax, 9 voted against it, and 4 were not notified, making a tie vote.

The duty devolved on appellee to show that such a majority of the voters had notice of the election that the result of the election would not have been altered if all had been notified. This was not done, and the court should not have rendered judgment in

favor of appellee. While this is true, it does not follow that judgment should be here rendered for appellant, because we do not feel disposed to declare an election null and void where it is so evident that the matter has not been fully developed.

The judgment is reversed, and the cause remanded.